## Table of Exhibits

### *Ryan Kieslich v California Cinema Investments, LLC* Case No. 2:17-cv-06985

| Exhibit No. | Description | Page No. |
|---|---|---|
| **A.** | **Complaint Filed June 8, 2017 in Los Angeles Superior Court** | **3-59** |
| **B.** | **Initial Status Conference Order Filed June 20, 2017 in Los Angeles Superior Court** | **61-66** |
| **C.** | **First Amended Complaint filed August 18, 2017 in Los Angeles Superior Court** | **68-107** |
| **D.** | **Notice of Continued Initial Settlement Conference filed September 6, 2017 2017 in Los Angeles Superior Court** | **109-112** |
| **E.** | **Proof of Service of Summons Filed on September 6, 2017 2017 in Los Angeles Superior Court** | **114-116** |
| **F.** | **Notice of Filing of Notice of Removal to the United States District Court for the Central District of California** | **118-119** |

# EXHIBIT " A"

RICHARD E. QUINTILONE II (SBN 200995)
ALVIN B. LINDSAY (SBN 220236)
GEORGE A. ALOUPAS (SBN 313112)
**QUINTILONE & ASSOCIATES**
22974 EL TORO ROAD, SUITE 100
LAKE FOREST, CA 92630
TELEPHONE:    (949) 458-9675
FACSIMILE:    (949) 458-9679
E-MAIL: REQ@QUINTLAW.COM; ABL@QUINTLAW.COM; GAA@QUINTLAW.COM

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 0 8 2017

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

Attorneys for Plaintiff, RYAN KIESLICH on behalf of himself and on behalf of a Class of all other persons similarly situated.

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES – CENTRAL

**BY FAX**

| | |
|---|---|
| RYAN KIESLICH, on behalf of himself and on behalf of a Class of all other persons similarly situated <br><br>      Plaintiff, <br><br> vs. <br><br> CALIFORNIA CINEMA INVESTMENTS, LLC, a Delaware Corporation; and DOES 1 through 100, inclusive, <br><br>      Defendants. | Case No.:   **BC 6 6 4 4 3 9** <br><br> **CLASS ACTION** <br> <u>**Assigned For All Purposes To:**</u> <br> Hon. <br> Dept.: <br><br> **CLASS ACTION COMPLAINT FOR:** <br> 1. **FAILURE TO PAY WAGES UNDER THE FLSA [29 USC §§ 206, 207];** <br> 2. **FAILURE TO PAY OVERTIME COMPENSATION;** <br> 3. **FAILURE TO PROVIDE MEAL PERIODS;** <br> 4. **FAILURE TO PROVIDE REST PERIODS;** <br> 5. **FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS;** <br> 6. **FAILURE TO PAY WAGES FOR HOURS WORKED;** <br> 7. **FAILURE TO PAY WAGES DUE AND PAYABLE TWICE MONTHLY** <br> 8. **FAILURE TO REIMBURSE BUSINESS EXPENSES;** <br> 9. **FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT; and** <br> 10. **UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES** <br><br> **DEMAND FOR JURY TRIAL** |

-1-

CLASS ACTION COMPLAINT

Exhibit "A", Page 003

All allegations in this Class Action Complaint are based upon information and belief except for those allegations, which pertain to the PLAINTIFF and his counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after discovery. PLAINTIFF RYAN KIESLICH ("Plaintiff"), on behalf of himself and all others similarly situated, complains of DEFENDANTS, and each of them, and for causes of action in this Class Action Complaint alleges:

1.    **INTRODUCTION**

    1.    This is a class action, pursuant to California Code of Civil Procedure § 382, and an FLSA collective action under 29 U.S.C. §§ 206 and 207, on behalf of Plaintiff and all non-exempt server employees employed by, or formerly employed by, CALIFORNIA CINEMA INVESTMENTS, LLC, a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), within the State of California. These non-exempt server employees who are employed by, or who were formerly employed by, Defendants within the State of California are hereinafter referred to individually as "Class Members" and collectively as the "Class" or "Classes."

    2.    For at least four years prior to the filing of this action and through to the present ("relevant time period" or "liability period"), Defendants consistently maintained and enforced against Defendants' non-exempt server employees, among others, the below addressed unlawful practices and policies, in violation of California state wage and hour laws, including:

        (a)    During the relevant time period, Defendants had a consistent policy of requiring employees to work more than eight (8) hours in any given day and/or more than forty (40) hours in any given week, and of not paying them all overtime compensation pursuant to applicable California Labor Code requirements and under the FLSA;

        (b)    During the relevant time period, Defendants had a consistent policy of requiring Class Members within the State of California, including Plaintiff, to work at least five (5) hours without a lawful meal period and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, as required by California state wage and hour laws.

-2-

CLASS ACTION COMPLAINT

(c)     During the relevant time period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, rest periods of at least (10) minutes per three and a half (3.5) hours worked or major fraction thereof and failing to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the rest period is not provided, as required by California state wage and hour laws.

(d)     With respect to Class Members who either were discharged, laid off, or resigned, during the relevant time period, Defendants failed to pay them in accordance with the requirements of Labor Code §§ 201, 202, 203;

(e)     During the Relevant Time Period, Defendants have had a consistent policy of failing to provide Class Members within the State of California, including Plaintiff, reimbursement of all necessary business expenses incurred in performing their job duties, including for certain required personal cell phone expenses and data usage, as required under Labor Code § 2802; and

(f)     During the relevant time period, Defendants failed to maintain accurate records of Class Members' earned wages and work periods as evidenced by Defendants' failure to keep adequate records of when meal periods were taken.

3.      Plaintiff, on behalf of himself and all other Class Members, brings this action pursuant to California Labor Code §§ 201, 202, 203, 204, 218, 218.6, 226, 226.7, 510, 511, 512, 1174, 1194, 1197, 1197.1, 1199, 2802, and California Code of Regulations, Title 8, section 11000 *et seq.*, seeking unpaid overtime, meal and rest period compensation, reimbursement of business expenses, penalties, injunctive, and other equitable relief, and reasonable attorneys' fees and costs.

4.      Plaintiff, on behalf of himself and all Classes, pursuant to Business and Professions Code §§ 17200-17208, also seeks injunctive relief and restitution for the unfair, unlawful, or fraudulent practices alleged in this Complaint.

///

///

///

CLASS ACTION COMPLAINT

Exhibit "A", Page 005

**2.    PARTIES**

    **A.    Plaintiff**

    5.    Plaintiff RYAN KIESLICH, at all relevant times, was and is a resident of California. Plaintiff was employed by Defendants and was sent to work in various locations, including as a non-exempt server employee, and consistently worked more than eight (8) hours a day at Defendants' behest without being paid all wages due. More specifically, Plaintiff and the other similarly situated Class Members were employed by Defendants and worked at Defendants' locations, with assigned responsibilities including catering to Defendants' movie-going clientele throughout the State of California, and handling money for Defendants. Plaintiff was employed by Defendants from **December 14, 2012** to **January 20, 2017** and (1) shared similar job duties and responsibilities (2) was subjected to the same policies and practices (3) endured similar violations at the hands of Defendants as the other Class Members who served in similar and related positions.

    6.    Defendants failed to record accurate time worked by these employees, and provided Plaintiff and the Class Members with inaccurate wage statements that prevented Plaintiff and the Class from learning of these unlawful pay practices. Defendants also failed to provide Plaintiff and the Class with lawful meal and rest periods, as employees were not provided with the opportunity to take uninterrupted and duty-free rest periods and meal breaks as required by the Labor Code.

    **B.    Defendants**

    7.    CALIFORNIA CINEMA INVESTMENTS, LLC, a Delaware Corporation; and DOES 1 through 100 (collectively "Defendants"), do business within the State of California. Defendant CALIFORNIA CINEMA INVESTMENTS, LLC does business throughout the United States and in California providing listed a principal office in Los Angeles. Defendants are a luxury movie theatre company that employs full and part time hourly employees throughout the state.

    8.    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 100, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names under California Code of Civil Procedure § 474.  Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to

-4-

Exhibit "A", Page 006

amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

9.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and that the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the Classes.

10.    Venue as to each Defendant is proper in this judicial district, pursuant to California <u>Code of Civil Procedure</u> § 395. On information and belief, Defendants CALIFORNIA CINEMA INVESTMENTS, LLC and DOES 1-100 operate and are doing business as Cinépolis Movie Theaters (see http://www.cinepolisusa.com), with headquarters in Los Angeles, California. Each Defendant is within the jurisdiction of this Court. The unlawful acts alleged herein have had a direct effect on Plaintiff and those similarly situated within the State of California and the County of Los Angeles. Defendants employ numerous Class Members in Los Angeles County and throughout the State of California.

3.    **FACTUAL BACKGROUND**

11.    Plaintiff and the Class Members are, and at all times pertinent hereto have been, non-exempt server employees within the meaning of the California <u>Labor Code</u> and the implementing rules and regulations of IWC California Wage Orders. Defendants hire hourly servers who work in non-exempt positions at the direction of Defendants in the State of California.

12.    During the course of Plaintiff and the Class Members' employment with Defendants, they were not paid all wages they were owed, including for all work performed (resulting in "off the clock" work) and for all overtime hours worked and were forced to work off-the-clock to keep labor budgets low almost every Friday and Saturday, especially the first week of new releases. Plaintiff and the Class Members were sometimes asked to work shifts over eight (8) hours and to work over forth (40) hours in a work week, and it was company policy to not pay overtime. Although Plaintiff and the Class Members were paid bi-weekly by Defendants, the pay never reflected any overtime hours that Plaintiff and the Class Members worked, and were also required by Defendants to perform required work duties and tasks without pay and while off-the-clock. As a result, Plaintiff and the Class

Members worked substantial overtime hours during their employment with Defendants for which they were not compensated, in violation of the California <u>Labor Code</u>.

13.    As a matter of uniform Company policy, Plaintiff and the Class Members were required to work off the clock which was not compensated by Defendants in violation of the California <u>Labor Code</u> and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq*. Plaintiff and the Class Members were also not paid regular wages and overtime for the time they were required to comply with other requirements imposed upon them, which they had to complete while off-duty and without compensation.

14.    As a result of these requirements to work off the clock, the daily work demands and pressures to work through breaks, and the other wage violations they endured at Defendants' hands, Plaintiff and the Class Members were not properly paid for all wages earned and for all wages when working more than eight (8) hours in any given day and/or more than forty (40) hours in any given week.  As a result of Defendants' unlawful policies and practices, Plaintiff and Class Members were required to work more than eight hours on most work days and worked more than 40 hours in each of their work weeks, thus consistently incurring overtime hours worked, but Plaintiff estimates they were not paid by Defendants for at least 2-3 hours of overtime per week.

15.    However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the <u>Labor Code</u> and applicable IWC Wage Orders.

16.    Plaintiff and the Class Members were forced to meet the needs of Defendants' clientele, and could not be relieved to take breaks, or were required to remain on-duty at all times and were unable to take off-duty breaks or were otherwise not provided with the opportunity to take required breaks due to Defendants' policies and practices. Although Defendants have a facially lawful policy regarding meal periods, the policy was not implemented, especially on busy nights such as Friday and Saturday night, or when a very popular and critically acclaimed, hit movie comes out, such as Star Wars: Rogue One. http://www.starwars.com/films/rogue-one.  On the occasions when Plaintiff and the Class Members were

CLASS ACTION COMPLAINT

provided with a meal period, it was often untimely or interrupted, as they were required to respond to work demands, and they were not provided with one (1) hour's wages in lieu thereof. Meal period violations thus occurred in one or more of the following manners:

      (a)    Class Members were not provided full thirty-minute duty free meal periods for work days in excess of five (5) hours and were not compensated one (1) hour's wages in lieu thereof, all in violation of, among others, <u>Labor Code</u> §§ 226.7, 512, and the applicable Industrial Welfare Commission Wage Order(s);

      (b)    Class Members were not provided second full thirty-minute duty free meal periods for work days in excess of ten (10) hours;

      (c)    Class Members were required to work through at least part of their daily meal period(s);

      (d)    Meal period were provided after five hours of continuous work during a shift; and

      (e)    Class Members were restricted in their ability to take a full thirty-minute meal period.

    17.    Plaintiff and the Defendants' non-exempt server employees were also not authorized and permitted to take lawful rest periods, were often asked by Defendants to work through or during breaks, and were not provided with one (1) hour's wages in lieu thereof. Rest period violations therefore arose in one or more of the following manners:

      (a)    Class Members were required to work without being provided a minimum ten minute rest period for every three and a half (3.5) hours or major fraction thereof worked and were not compensated one (1) hour of pay at their regular rate of compensation for each workday that a rest period was not provided;

      (b)    Class Members were not authorized and permitted to take timely rest periods for every four hours worked, or major fraction thereof; and

      (c)    Class Members were restricted in their ability to take their full ten (10) minutes net rest time or were otherwise not provided with duty-free rest periods.

CLASS ACTION COMPLAINT

Exhibit "A", Page 009

18.    As a result of these illegal policies and practices, Defendants engaged in and enforced the following additional unlawful practices and policies against Plaintiff and the Class Members he seeks to represent:

      (a)    failing to pay all wages owed to Class Members who either were discharged, laid off, or resigned in accordance with the requirements of Labor Code §§ 201, 202, 203;

      (b)    failing to pay all wages owed to the Class Members twice monthly in accordance with the requirements of Labor Code § 204;

      (c)    failing to pay Class Members all wages owed, including all meal and rest period premium wages; and

      (d)    failing to maintain accurate records of Class Members' earned wages and meal periods in violation of Labor Code §§ 226 and 1174(d) and section 7 of the applicable IWC Wage Orders.

19.    Defendants have made it difficult to account with precision for the unlawfully withheld meal and rest period compensation owed to Plaintiff and the Class, during the liability period, because they did not implement and preserve a record-keeping method as required for non-exempt server employees by California Labor Code §§ 226, 1174(d), and paragraph 7 of the applicable California Wage Orders. Upon information and belief, time clock punches were not maintained, or were not accurately maintained, for work shifts and meal periods, and were automatically presumed by Defendants to have been lawfully provided when they were not. Defendants also failed to accurately record and pay for all overtime hours worked and submitted by Plaintiff and the Class Members. Defendants have thus also failed to comply with Labor Code § 226(a) by inaccurately reporting total hours worked and total wages earned by Plaintiff and the Class Members, along with the appropriate applicable rates, among others requirements. Plaintiff and Class Members are therefore entitled to penalties not to exceed $4,000.00 for each employee pursuant to Labor Code § 226(b).

20.    Defendants have failed to comply with paragraph 7 of the applicable California IWC Wage Orders by failing to maintain time records showing when the employee begins and ends each work period, meal periods, wages earned pursuant to Labor Code § 226.7, and total daily hours worked by itemizing in

CLASS ACTION COMPLAINT

wage statements all deductions from payment of wages and accurately reporting total hours worked by the Class Members.

21.    Plaintiff and the Class Members were also often required to incur cellular phone and data usage requirements to communicate with Defendants and management and to complete and submit required work tasks, all without reimbursement. These are expenses for which Plaintiff and the Class Members were never reimbursed, in violation of California Labor Code § 2802(a) and the applicable California Code of Regulations. Specifically, Defendants made Plaintiff and the Class Members download via their smartphones an application ("app") called PlexCall View. This app enabled Plaintiff and the Class Members to be notified if a patron of Defendants needed to be served, and what that patron's order was. PlexCall View, although being a free app, would consume data on Plaintiff and the Class Members' phones. Plaintiff and the Class Members were never reimbursed for this usage of data, and thus Defendants have violated Labor Code § 2802. Further, Plaintiff and the Class Members were made to purchase clothing such as shirts and shoes in order to complete their necessary job duties for Defendants.

22.    On information and belief, Plaintiff alleges that Defendants' actions as described throughout this Complaint were willful.

23.    **The Fair Labor Standards Act**: The FAIR LABOR STANDARDS ACT OF 1938, as amended, 29 U.S.C. §§ 201 *et seq.* (hereinafter referred to as "FLSA"), provides for minimum standards for both wages and overtime entitlement, and details administrative procedures by which covered work time must be compensated. The enactment of the provisions of the FLSA provide the Courts with substantial authority to stamp out abuses and enforce the minimum wage and overtime pay provisions at issue in this Complaint. According to Congressional findings, the existence of Labor conditions detrimental to the maintenance of the minimum standard of living engenders unfair commercial competition, labor disputes, and barriers to commerce and the free flow of goods in commerce, and interferes with the orderly and fair marketing of goods.

///

///

///

CLASS ACTION COMPLAINT

Exhibit "A", Page 011

**4.     CLASS ALLEGATIONS**

24.     Plaintiff brings this action on behalf of himself and all others similarly situated as a class action pursuant to California Code of Civil Procedure § 382.  Plaintiff seeks to represent a Class composed of and defined as:

**All persons who are employed or have been employed by Defendants in the State of California who, during any time from four years prior to the filing of this class action to the present, have worked as non-exempt server employees.**

Further, Plaintiff seeks to represent the following subclasses composed of and defined as follows:

(a)     **Subclass 1.    Overtime Subclass.**  All Class Members who worked more than eight (8) hours in a day and/or forty (40) hours in any given week and who were not paid overtime compensation pursuant to the Labor Code and applicable IWC Wage Order requirements.

(b)     **Subclass 2.  Meal Break Subclass.** All Class Members who have not been provided a meal period for every five (5) hours or major fraction thereof worked per day, and were not provided one (1) hour's pay for each day on which such meal period was not provided pursuant to Labor Code § 226.7 and § 512.

(c)     **Subclass 3.  Rest Period Subclass.**  All Class Members who have not been provided a rest period for every three and a half (3.5) hours or major fraction thereof worked per day, and were not provided compensation of one (1) hour's pay for each day on which such rest period was not provided pursuant to Labor Code § 226.7 and § 512.

(d)     **Subclass 4. Paystub Subclass.**  All Class Members who were not provided an itemized wage statement accurately showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226.

(e)     **Subclass 5.  Wage Payment Subclass.**  All Class Members who were not provided all straight time wages earned pursuant to the Labor Code and applicable IWC Wage Orders.

-10-

CLASS ACTION COMPLAINT

(f)      **Subclass 6. Twice Monthly Pay Subclass.** All Class Members who were not paid twice monthly in accordance with <u>Labor Code</u> § 204.

(g)      **Subclass 7. Expense Reimbursement Subclass.** All Class Members who were not reimbursed for their business expenses pursuant to <u>Labor Code</u> § 2802.

(h)      **Subclass 8. Termination Pay Subclass.** All Class Members who were not provided all wages due upon termination or resignation pursuant to <u>Labor Code</u> §§ 200 through 203.

(i)      **Subclass 9. B&P Code § 17200 Subclass.** All Class Members who were subjected to Defendants' unlawful, unfair or fraudulent business acts or practices in the form of <u>Labor Code</u> violations regarding overtime, meal periods, rest periods, expense reimbursement or minimum wages and/or waiting time penalties.

25.      Plaintiff reserves the right under <u>Rule</u> 1855(b) of the California <u>Rules of Court</u>, to amend or modify the class descriptions with greater specificity or to provide further division into subclasses or limitation to particular issues.

26.      This action has been brought and may properly be maintained as a class action under the provisions of the California <u>Code of Civil Procedure</u> § 382 because there is a well-defined community of interest in the litigation and the proposed Classes are easily ascertainable.

**A.     <u>Numerosity</u>**

27.      The potential members of each Class as defined are so numerous that joinder of all the members of the Class is impracticable. Plaintiff estimates there are at least several hundred Class Members, and possibly several thousand, which is sufficient to satisfy the numerosity requirement. While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and during the relevant time periods employed, sufficiently numerous employees in positions as Defendants' non-exempt server employees in California, who are or have been affected by Defendants' unlawful practices as alleged herein.

28.      Employee turnover during the relevant time period will increase this number substantially. Upon information and belief, Plaintiff alleges Defendants' employment records would provide information as to the number and location of all Class Members. Joinder of all members of the proposed Classes is not practicable.

///

CLASS ACTION COMPLAINT

Exhibit "A", Page 013

**B.**    **Commonality**

29.    There are questions of law and fact common to each Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

(a)    Whether Defendants violated Labor Code §§ 226.7 and 512, section 4 of the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to provide a meal period to non-exempt server employees on days they worked work periods in excess of five (5) hours and failing to compensate said employees one (1) hour's wages in lieu of meal periods;

(b)    Whether Defendants violated Labor Code § 226.7 and the IWC Wage Orders, and Cal. Code Regs., Title 8, section 11000 *et seq.* by failing to authorize and permit all daily ten (10) minute rest periods to non-exempt server employees for every three and a half (3.5) hours and/or 7 hours or major fraction thereof worked and failing to compensate said employees one (1) hour's wages in lieu of rest periods;

(c)    Whether Defendants violated Labor Code § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class Members' earned wages and work periods;

(d)    Whether Defendants violated Labor Code § 1194 by failing to compensate all employees during the relevant time period for all hours worked, whether regular or overtime;

(e)    Whether Defendants violated Labor Code § 2802 by failing to compensate all employees during the relevant time period for all business expenses incurred in the discharge of their duties;

(f)    Whether Defendants violated Business and Professions Code § 17200 *et seq.* by failing to provide meal and rest periods without compensating non-exempt server employees one (1) hour's pay for every day such periods were not provided, failing to pay compensation for denied meal and rest periods due and owing at the time a

Class Member's employment with Defendants terminated, and failing to keep accurate records;

(g)     Whether Defendants violated § 17200 *et seq.* of the <u>Business and Professions Code</u>, <u>Labor Code</u> §§ 201-203, 204, 226.7, 512, 1174, and applicable IWC Wage Orders, which constitutes a violation of fundamental public policy;

(h)     Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to <u>Business and Professions Code</u> § 17200 *et seq,;* and

There are common answers to these questions which further demonstrate that class treatment in appropriate in this case.

**C.     <u>Typicality</u>**

30.    The claims of the named Plaintiff are typical of the claims of the Class Members. Plaintiff and all members of each Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.     <u>Adequacy of Representation</u>**

31.    Plaintiff will fairly and adequately represent and protect the interests of the members of each Class.  Counsel who represent Plaintiff are competent and highly experienced in litigating large employment class actions.

**E.     <u>Superiority of Class Action</u>**

32.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to each Class predominate over any questions affecting only individual members of the Class. Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policies and practices alleged in the Complaint.

33.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

34.    Class Plaintiff contemplates the eventual issuance of notice to the proposed Class Members

CLASS ACTION COMPLAINT

Exhibit "A", Page 015

of each Plaintiff Classes that would set forth the subject and nature of the instant action. The Defendants' own business records can be utilized for assistance in the preparation and issuance of the contemplated notices. To the extent that any further notice is required additional media and/or mailings can be used.

**5.    DELAYED DISCOVERY**

35.    Defendants, as a prospective and actual employer of non-exempt, hourly servers, had a special fiduciary duty to disclose to prospective Plaintiff Classes the true facts surrounding Defendants' pay practices, policies and working conditions imposed upon non-exempt, hourly servers as well as the effect of any alleged arbitration agreements that may have been forced upon them. In addition, Defendants knew they possessed special knowledge about pay practices and policies, most notably intentionally refusing to pay overtime and straight time hours actually worked and recorded on Defendants' punch records and the consequence of the alleged arbitration agreements on the employees and class as a whole.

36.    Plaintiff and Plaintiff Classes did not discover the fact that they were entitled to all pay under the Labor Code until shortly before the filing of this lawsuit nor was there ever any discussion about Plaintiffs and the Class' wavier of their Constitutional rights of trial by jury, right to collectively organize and oppose unlawful pay practices under California and federal law as well as obtain injunctive relief preventing such practices from continuing. As a result, the applicable statutes of limitation were tolled until such time as Plaintiffs discovered their claims.

**FIRST CAUSE OF ACTION**

**FOR FAILURE TO PAY WAGES UNDER THE FLSA**

**[FLSA 29 USC §§ 203, 206, 207]**

**(Against All Defendants)**

37.    Plaintiff and the members of the Class (and subclasses) and the FLSA collective re-allege and incorporate by reference all of the allegations in the preceding paragraphs of this complaint as though fully set forth herein.

38.    At all relevant times hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(l).

39.    Plaintiff is informed and believes, and thereon alleges, that Defendants have required the Plaintiff and FLSA collective employees as part of their employment to work off the clock and for less

CLASS ACTION COMPLAINT

than minimum wage under 29 U.S.C. § 206(a)(1).  That Section provides the following:

> Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates:
> (1) except as otherwise provided in this section, not less than—
> (A) $5.85 an hour, beginning on the 60th day after May 25, 2007;
> (B) $6.55 an hour, beginning 12 months after that 60th day; and
> (C) $7.25 an hour, beginning 24 months after that 60th day;…

40.     Plaintiff is informed and believes, and thereon alleges, that Defendants required Plaintiff and requires the FLSA collective employees to work without overtime in excess of the forty (40) hours per week maximum under 29 U.S.C. § 207(a)(I). That Section provides the following:

> Except as otherwise provided in this section, no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate which is not less than one and one-half times the regular rate at which he is employed.

41.     In the performance of their duties for Defendants, members of the FLSA collective employees often did work off the clock and over forty (40) hours per week and did not receive minimum wages and overtime compensation for the work, labor and services they provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207.

42.     The precise number of unpaid wages and unpaid overtime hours will be proven at trial.

43.     The FLSA also imposes a record-keeping requirement on employers, including the obligation to keep accurate records of all hours worked by employees. Defendants have knowingly and willfully failed and continue to willfully fail to record, report, and/or preserve accurate records of all hours worked by Plaintiff and FLSA collective employees. By failing to record, report, and/or preserve records of all hours worked by Plaintiff and the FLSA collective employees, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq*.

44.     Plaintiff proposes to undertake appropriate proceedings to have such FLSA Class Members aggrieved by Defendants' unlawful conduct notified of the pendency of this action and to provide them with the opportunity to join this action as plaintiffs, pursuant to 29 U.S.C. § 216(b), by filing written consents to joinder with the Court.

Exhibit "A", Page 017

45.     Defendants' violations of the FLSA were willful within the meaning of the statue and interpretive case law and decisions.

46.     Plaintiff seeks judgment against Defendants on him own behalf and on behalf of those FLSA collective employees similarly situated who file written consents to joinder in this action, for all unpaid wages, including minimum and overtime wages owed by Defendants, pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b) and which may be brought in "any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

## SECOND CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION

### [CALIFORNIA LABOR CODE §§ 510, 1194 and 1198]

### (Against All Defendants)

47.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

48.     This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class and the subclasses thereof.

49.     In California, employees must be paid at least the then applicable state minimum wage for all hours worked.  (IWC Wage Order MW-2014).

50.     California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

51.     Employees in California shall not be employed more than eight hours in any work day, and/or more than forty hours in any workweek, unless they receive additional compensation beyond their regular wages in amounts specified by law. More specifically, Labor Code § 510 codifies the right to

overtime compensation at one and one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week.

52.    California <u>Labor Code</u> § 1198 provides that "[T]he maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful."

53.    At all times relevant hereto, the <u>Labor Code</u> requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

54.    Defendants, and each of them, have intentionally and improperly avoided payment of overtime wages in violation of the California <u>Labor Code</u> and California <u>Code of Regulations</u> and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement, as described above. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt server employees to work through meal periods when they were required to be clocked out. Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members, which resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

55.    At all times relevant hereto, Plaintiff and the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices.  In addition to the other overtime payments Defendants failed to make for all off the clock work, Defendants have scheduled Plaintiff and the Class Members to occasionally work shifts for seven consecutive days in a row. However, Defendants followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime

CLASS ACTION COMPLAINT

payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

56.     Therefore, Plaintiff and the Class Members were not properly paid for all hours worked, including for the hours worked in excess of the maximum hours permissible by law under California Labor Code § 1194, § 1197 and § 1198 and the provisions of IWC Wage Orders and the applicable California Code of Regulations sections.

57.     On information and belief, Plaintiff and the Class Members allege that Defendants followed an unlawful policy and practice of refusing to pay and failing to pay them for all wages earned in each pay period, including by requiring and compelling off the clock work, by failing to pay for overtime hours worked, and for the other reasons set forth in detail above.

58.     As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the Class Members' employment, Defendants intentionally failed to provide Plaintiff and the Class Members with all earned wages earned by and owed to them during the corresponding pay periods.  Defendants willfully violated the provisions of Labor Code § 1194, the applicable IWC Wage Orders, and California law by failing to properly pay Plaintiff and the Class the overtime pay that Plaintiff and the Class Members were due.

59.     Defendants' failure to pay Plaintiff and the Class Members all wages owed to them also violated California Penal Code §§ 484 and 532 (obtaining labor through false pretenses), to the extent their managers specifically instructed them that they were not entitled to receive overtime under the California Labor Code and related provisions for off the clock work they were required to perform.

60.     Plaintiff and the Class Members are informed and believe, and based upon that information and belief therefore further allege, that Defendants knew or should have known that Plaintiff and the Class did not qualify as exempt employees, and Defendants purposely elected not to pay Plaintiff and the Class Members for their overtime labor performed.

61.     By virtue of the Defendants' unlawful failure to provide overtime pay to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in

1  amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and

2  which will be ascertained according to proof at trial.

3       62.    Plaintiff and the Class Members are informed and believe, and based upon that information

4  and belief allege, that Defendants, and each of them, purposely elected not to provide overtime pay.

5       63.    As a result of Defendants' failure to pay overtime pay throughout Plaintiff and the

6  Class Members' employment, Plaintiff and the Class Members were deprived of wages in

7  amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and

8  penalties thereon, attorneys' fees, and costs, for Defendants' violations of Labor Code § 510 and

9  applicable IWC Wage Order provisions.

10      64.    Defendants, and each of them, acted intentionally, oppressively and maliciously toward

11  Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff

12  and the Class Members, with the intent of depriving them of property and legal rights and otherwise causing

13  Plaintiff and the Class Members injury.

14      65.    Plaintiff, individually, and on behalf of members of the Class and Plaintiff Classes, requests

15  recovery of both straight time and overtime compensation according to proof, interest, attorney's fees and

16  costs pursuant to Labor Code § 1194(a), as well as the assessment of any statutory penalties against these

17  Defendants, and each of them, and any additional sums as provided by the Labor Code and/or other statutes.

18      66.    Further, Plaintiff and the Class Members are entitled to seek and recover reasonable

19  attorneys' fees and costs pursuant to Labor Code §§ 210 and 1194.

20                          **THIRD CAUSE OF ACTION**

21                   **FAILURE TO PROVIDE MEAL PERIODS**

22  **[CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage Orders]**

23                          **(Against All Defendants)**

24      67.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by

25  reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

26      68.    This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class Members

27  and the subclasses thereof.

28

-19-

CLASS ACTION COMPLAINT

69.    Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Order provide that no employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than thirty (30) minutes.

70.    Labor Code § 226.7 and paragraph 11 of the applicable IWC Wage Orders also provide that, if an employer fails to provide an employee a meal period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

71.    Defendants failed to provide Plaintiff and the Class Members with meal periods as required by the Labor Code, including by not providing them with the opportunity to take meal breaks, by providing them late or for less than thirty (30) minutes, or by requiring them to perform work during breaks.

72.    Defendants, and each of them, have intentionally and improperly denied meal periods to Plaintiff and the Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders, along with other applicable regulations and statutes.

73.    At all times relevant hereto, Plaintiff and the Class Members have worked more than five (5) hours in a workday.

74.    At all times relevant hereto, the Defendants, and each of them, failed to provide meal periods as required by Labor Code §§ 226.7 and 512 and paragraph 11 of the applicable IWC Wage Orders.

75.    By virtue of the Defendants' unlawful failure to provide meal periods to Plaintiff and the Plaintiff Classes, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in amounts which are presently unknown to Plaintiff but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

76.    Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, purposely elected not to provide meal periods.

77.    Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to them, with the intent of depriving them of property and legal rights and otherwise causing Plaintiff and the Class Members to suffer injury.

-20-

CLASS ACTION COMPLAINT

78.     Plaintiff, individually, and on behalf of the Class, requests recovery of meal period compensation pursuant to Labor Code §§ 226.7 and paragraph 11 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and other statutes.

**FOURTH CAUSE OF ACTION**

**FAILURE TO PROVIDE REST PERIODS**

**[CALIFORNIA LABOR CODE §§ 226.7 and 512, and Paragraph 11 of Applicable IWC Wage Orders]**

**(Against All Defendants)**

79.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint.

80.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that employers must authorize and permit all employees to take rest periods at the rate of ten (10) minutes net rest time per three and a half (3.5) work hours.

81.     Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders provide that if an employer fails to provide an employee rest period in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

82.     Defendants, and each of them, have intentionally and improperly denied rest periods to Plaintiff and the Class Members in violation of Labor Code §§ 226.7 and 512 and paragraph 12 of the applicable IWC Wage Orders.  Defendants failed to authorize and permit Plaintiff and the Class Members to take rest periods, as required by the Labor Code.

83.     At all times relevant hereto, Plaintiff and the Class Members, have worked more than three and a half hours in a workday.

84.     At all times relevant hereto, the Defendants, and each of them, failed to provide rest periods as required by Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders.

85.     By virtue of the Defendants' unlawful failure to provide rest periods to the Plaintiff and the Class Members, Plaintiff and the Class Members have suffered, and will continue to suffer, damages in

amounts which are presently unknown to the Plaintiff and the Class Members but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

86.     Plaintiff and the Class Members are informed and believe, and based upon that information and belief allege, that Defendants, and each of them, knew or should have known that Plaintiff and the Class Members were entitled to rest periods and purposely elected not to provide them with rest periods.

87.     Defendants, and each of them, acted intentionally, oppressively and maliciously toward Plaintiff and the Class Members with a conscious disregard of their rights, or the consequences to Plaintiff and the Plaintiff Classes, with the intent of depriving Plaintiff and the Class of property and legal rights and otherwise causing the Plaintiff and the Class Members injury.

88.     Plaintiff, individually, and on behalf of employees similarly situated, requests recovery of rest period compensation pursuant to Labor Code §§ 226.7 and paragraph 12 of the applicable IWC Wage Orders, as well as the assessment of any statutory penalties against these Defendants, and each of them, in a sum as provided by the Labor Code and/or other statutes.

## FIFTH CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE ITEMIZED STATEMENTS

### [CALIFORNIA LABOR CODE § 226]

### (Against All Defendants)

89.     Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

90.     Throughout the liability period, Defendants intentionally failed to furnish to Plaintiff and the Class Members, upon each payment of wages, itemized statements accurately showing: (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226, amongst other statutory requirements.

91.     As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury in that, among other things, the lack of the required information hindered them from determining the amount of wages owed to them and led them to believe they were not entitled to be paid wages all hours worked, for overtime, missed meal and rest breaks, or for each hour of labor they performed, for piece rates where applicable, and the properly hourly rate where applicable, although they were so entitled.  The absence of accurate wage statements has prevented timely challenges to Defendants' unlawful pay practices, caused difficulty and expense in attempting to reconstruct time and pay records, and resulted in the submission by Defendants of inaccurate information about wages and deductions from wages to state and federal government agencies.  The entitlement of Plaintiff and the Class Members is to receive wage statements that accurately list the total amount of wages earned and deductions from wages as reflected on wage statements, and Plaintiff and the Class Members have thereby been injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub. All Class Members have been similarly injured.  As a result of Defendants' conduct, Plaintiff and the Class Members have suffered injury because their legal right to receive accurate wage statements was violated.

92.     Labor Code § 226(a) requires Defendants "semimonthly or at the time each payment to wages" to furnish to Plaintiff and the Class Members "an accurate itemized statement in writing" showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate for Class Members paid on a piece-rate basis, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee pursuant to Labor Code § 226.  Defendants knowingly and intentionally failed to provide Plaintiff and the Class Members with such timely and accurate wage and hour statements.

93.     Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law and are presumed to have suffered injury and entitled to penalties under Labor Code § 226(e), as the

CLASS ACTION COMPLAINT

Defendants have failed to provide a wage statement, failed to provide accurate and complete information as required by any one or more of items Labor Code § 226 (a)(1) to (9), inclusive, and the Plaintiff and Class Members cannot promptly and easily determine from the wage statement alone one or more of the following: (i) The amount of the gross wages or net wages paid to the employee during the pay period or any of the other information required to be provided on the itemized wage statement pursuant to items (2) to (4), inclusive, (6), and (9) of subdivision (a), (ii) Which deductions the employer made from gross wages to determine the net wages paid to the employee during the pay period, (iii) The name and address of the employer and, (iv) The name of the employee and only the last four digits of his or him social security number or an employee identification number other than a social security number.  For purposes of Labor Code § 226(e) "promptly and easily determine" means a reasonable person [i.e. an objective standard] would be able to readily ascertain the information without reference to other documents or information.

94.     Plaintiff and the Class Members suffered injury as a result of Defendants' knowing and intentional failure to provide them with the wage and hour statements as required by law.

95.     Plaintiff and the Class Members are entitled to the amounts provided in Labor Code § 226(e), plus costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY WAGES FOR HOURS WORKED

### [CALIFORNIA LABOR CODE §§ 1194, 1197, 1197.1 and 558]

### (Against All Defendants)

96.     Plaintiff and the Members of the Class re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

97.     Plaintiff brings these claims under California Labor Code §§ 1194, 1197, 1197.1 and IWC Wage Orders 4-2001, as amended.

98.     California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 4-2001 entitle non-exempt employees to an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

-24-

Exhibit "A", Page 026

99.    Defendants did not and does not compensate Plaintiff and other hourly employees for time spent off the clock during lunch or after hours responding to calls, texts, emails and other work related inquiries.  This work was known or should have been known by Defendants as management are and were requesting the off the clock work and receiving the work related communications.

100.    As a result of violations of California Labor Code §§ 1194, 1197, 1197.1 and Industrial Welfare Commission Wage Orders 4-2001, for failure to pay minimum wage, Defendants liable for attorneys' fees and costs, civil penalties pursuant to California Labor Code §§ 558, 1197.1, and 2698 et seq. and other relief.

101.    California Labor Code § 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." The action may be maintained directly against the employer in an employee's name without first filing a claim with the Department of Labor Standards and Enforcement.

102.    At all times relevant hereto, the Labor Code requirements and paragraph 3 of the applicable IWC Wage Orders also provided for payment of overtime wages equal to one and one-half times an employee's regular rate of pay for all hours worked over 8 hours a day and/or forty (40) hours in a work week, and for the first eight (8) hours on the seventh consecutive day of work in a work week.

103.    Defendants, and each of them, have intentionally and improperly rounded, changed, adjusted and/or modified certain employees' hours, including Plaintiff's, to avoid payment of overtime wages and other benefits in violation of the California Labor Code and California Code of Regulations and the IWC Wage Orders and guidelines set forth by the Division of Labor Standards and Enforcement. Defendants have also violated these provisions by requiring Plaintiff and other similarly situated non-exempt server employees to work through meal periods when they were required to be clocked out or to otherwise work off the clock to complete their daily job duties.

104.    Defendants, and each of them, have also intentionally and improperly rounded, changed, adjusted, underpaid, and/or modified certain employees' hours, including by requiring off the clock work, requiring work to be performed while on breaks, and by not properly paying employees all overtime hours

CLASS ACTION COMPLAINT

Exhibit "A", Page 027

they worked and reported, and imposed difficult to attain job and scheduling requirements on Plaintiff and the Class Members. This resulted in an underpayment of wages to employees over a period of time while benefiting Defendants.

105.    During the relevant time period, Plaintiff and the Class Members were not fully paid for all the hours they worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week as a result of Defendants' above described policies and practices. Therefore, Plaintiff and the Class Members were not properly paid for all of their overtime work. Defendants also followed a policy and practice of further denying overtime payments to Plaintiff and the Class Members at an overtime rate of 1.5 times the regular rate for the first eight hours of the seventh consecutive work day in a week and overtime payments at the rate of 2 times the regular rate for hours worked over eight (8) on the seventh consecutive work day, as required under the Labor Code § 510 and paragraph 3 of the applicable IWC Wage Orders.

106.    During the relevant time period, Defendants willfully failed to pay all regular and overtime wages owed to Plaintiff and the Class Members.

107.    Defendants' failure to pay Plaintiff and the Class Members the unpaid balance of regular wages owed and overtime compensation, as required by California law, violates the provisions of Labor Code §§ 510 and 1198, and is therefore unlawful.

108.    Labor Code § 558(a) provides "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provisions regulating hours and days of work in any order of the IWC shall be subject to a civil penalty as follows: (1) For any violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (3) Wages recovered pursuant to this section shall be paid to the affected employee." Labor Code § 558(c) states, "the civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

109.    Defendants have violated provisions of the Labor Code regulating hours and days of work as well as the IWC Wage Orders. Accordingly, Plaintiff and the Class Members seek the remedies set forth in Labor Code § 558.

CLASS ACTION COMPLAINT

110.    Upon information and belief, Plaintiff alleges that Defendants' policy of failing to pay employees for all hours worked whether regular time or overtime violates the Labor Code and IWC Wage Orders. Pursuant to Labor Code § 1194, Plaintiff and the Class Members are entitled to recover their unpaid wages owed, including their regular wages and overtime compensation, as well as interest, costs and attorney's fees.

**SEVENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES AT LEAST TWICE IN A CALENDAR MONTH**

**[CALIFORNIA LABOR CODE § 204]**

**(Against All Defendants)**

111.    Plaintiff and the Members of the Class (and Plaintiff Classes) re-allege and incorporate by reference the paragraphs previously alleged in this Complaint

112.    Labor Code § 204 instructs all wages are due and payable twice each calendar month.

113.    The wages required by Labor Code § 1194 and other sections became due and payable to each employee in each pay period that he or he was not provided with a meal period or rest period or paid straight or overtime wages to which he or he was entitled.

114.    Defendants violated Labor Code § 204 by systematically refusing to pay wages due under the Labor Code.

115.    As a result of the unlawful acts of Defendants, Plaintiff and the Class he seeks to represent has been deprived of wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs, pursuant to Labor Code § 210, 218.5 and 1194.

**EIGHTH CAUSE OF ACTION**

**FAILURE TO REIMBURSE BUSINESS EXPENSES**

**[CALIFORNIA LABOR CODE §§ 2800-2802]**

**(Against all Defendants)**

116.    Plaintiff and members of the Class (and subclasses) re-allege and incorporate by reference the paragraphs above, with the same force and effect as if set forth herein in full.

CLASS ACTION COMPLAINT

Exhibit "A", Page 029

117.    Plaintiff and the Class are informed and believe and based thereon allege that throughout the period applicable, Defendants were required to pay for lawful and necessary work related expenses incurred by their employees. Plaintiff and the Class Members were also often required to incur such expenses, including for use of their personal cellular phones and data, in performing their daily job duties and such expenses were necessary for performing those duties. Plaintiff and the Class Members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders and sections of the California Code of Regulations.

118.    Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class Members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class Members with regard to their rights, Plaintiff and the Class Members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment status.

119.    Therefore, Plaintiff and the Class Members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class Members incurred those expenses. Further, Plaintiff and the Class Members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

## NINTH CAUSE OF ACTION

### FOR FAILURE TO PAY WAGES UPON TERMINATION OF EMPLOYMENT

#### [CALIFORNIA LABOR CODE §§ 201-203]

#### (Against All Defendants)

120.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

-28-

121.    Plaintiff and many of the Class Members quit or were discharged from their employment with Defendants within the applicable statute of limitations.

122.    However, Defendants failed to pay them without abatement, all wages as defined by applicable California law. Among other things, these employees were not paid any of the overtime compensation or premium pay referred to in this Complaint. Defendants' failure to pay said wages within the required time was willful within the meaning of Labor Code § 203.

123.    Therefore, each of these employees is entitled to one day's wages for each day he or he was not timely paid all said wages due, up to a maximum of thirty (30) days' wages for each employee. Because none of the employees were ever paid all earned overtime wages to which they were entitled, and as referred to in this Complaint, each of these employees is entitled to thirty (30) days of wages.

## TENTH CAUSE OF ACTION

### FOR UNLAWFUL COMPETITION AND UNLAWFUL BUSINESS PRACTICES

#### [CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *et seq.*]

#### (Against All Defendants)

124.    Plaintiff and the Members of the Class (and subclasses) re-allege and incorporate by reference, as though fully set forth herein, the paragraphs previously alleged in this Complaint.

125.    This claim is brought by Plaintiff, on behalf of himself and on behalf of the Class and the subclasses thereof.

126.    At all times relevant hereto, from time to time, the Class Members have worked more than eight (8) hours in a workday, and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have had their hours adjusted, changed, underpaid, and/or modified to not reflect their actual number of hours worked per day and per pay period, including by Defendants' failure to pay for all overtime hours worked at the appropriate rate of pay and by requiring off the clock work before and after work shifts.

127.    At all times relevant hereto, from time to time, Plaintiff and aggrieved employees have worked more than eight (8) hours in a a workday workday and/or more than forty (40) hours in a workweek, as employees of Defendants. The representative Plaintiff herein and members of the Class have not been

CLASS ACTION COMPLAINT

paid overtime, or have not been paid overtime at the appropriate rates, for all hours worked on and after a seventh consecutive work shift.

128.    At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied meal breaks by Defendants.

129.    At all times relevant hereto, from time to time, Plaintiff and the Class Members have been denied rest breaks by Defendants.

130.    Defendants, and each of them, are "persons" as defined under of Business & Professions Code § 17021.

131.    Since at least four years prior to the present Complaint filing and at all times relevant hereto, by and through the conduct described herein, the Defendants have engaged in unfair, unlawful and fraudulent business practices, in violation of California Business & Professions Code §§ 17200, *et seq*., and have thereby deprived Plaintiff, and all persons in interest, of fundamental rights and privileges guaranteed to all employees under California law.

132.    Defendants own, operate and manage facilities in California which provide services in California to the public as defined in of Business & Professions Code §§ 17022 and 17024.

133.    Defendants, as set forth in this Complaint, *supra*, engaged in false, unfair and misleading business practices, consisting of acts and omissions that include, but are not limited to:

(a)    The fact that Defendants adjusted, altered, underpaid and/or changed time and/or pay schedules to reflect that employee Class Members had not worked all straight time and overtime hours;

(b)    The fact that Defendants required non-exempt, hourly servers to work more than five (5) hour shifts without a thirty (30) minute meal period;

(c)    The fact that Defendants required non-exempt, hourly servers to work more than three and a half (3.5) hour shifts without a ten (10) minute rest period;

(d)    The fact that Defendants required non-exempt, hourly servers to work more than five (5) hours per week without a thirty (30) minutes rest period, and then adjusted, altered and/or changed schedules and/or time clocks to reflect that they had received a thirty (30) minute meal period;

-30-

Exhibit "A", Page 032

(e)    The fact that Defendants kept no detailed records of non-exempt, hourly servers' actual daily work activities, in part, to prevent Plaintiff and Plaintiff Classes from recovering overtime wages from Defendants after the discovery of Defendants' deceptive, fraudulent, false, unfair and unlawful conduct;

(f)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class for all hours worked.

(g)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class twice monthly for all hours worked.

(h)    The fact that Defendants failed to pay Plaintiff and Plaintiff Classes all business expenses incurred in the discharge of their duties;

(i)    The fact that Defendants failed to pay all earned wages to Plaintiff and Plaintiff Class upon termination of employment.

(j)    The fact that Defendants failed to pay all earned wages to Plaintiff and the Plaintiff Class twice monthly.

(k)    The fact that Defendants' activities related to their failure to disclose material and relevant information constitutes violations of Business & Professions Code § 17200.

134.    Defendants, and each of them, have underreported to state authorities, wages earned by non-exempt, hourly servers and, therefore, have underpaid state taxes, employer matching funds, unemployment premiums and Worker's Compensation premiums. The aforesaid conduct is criminal in nature and subjects the Defendants, and each of them, to sanctions, fines and imprisonment, and is actionable under of Business & Professions Code §§ 17000, *et seq.* and 17200, *et seq.*

135.    Pursuant to of Business & Professions Code §§ 17071 and 17075, the failure of Defendants, and each of them, to pay overtime wages, related benefits, and employment taxes, is admissible as evidence of Defendants' intent to violate Chapter 4 of the Unfair Business Trade Act.

136.    Defendants' practices are unlawful, unfair, deceptive, untrue, and misleading. Non-exempt, hourly servers, including Plaintiff and Plaintiff Classes are likely to be deceived by these practices.

137.    As a direct and proximate result of these acts and omissions, Plaintiff, is informed and believes, and based upon that information and belief alleges, that the Defendants, and each of them, were

-31-

able to unfairly compete with other facilities in the state of California by not paying overtime and wages in violation of <u>Business & Professions Code</u> Chapters 4 and 5, *et al*.  Due to this unfair business practice, Defendants have been able to charge lower prices for its services than the prices charged by other comparable entities doing business in the state of California.

138.    The victims of this unfair business practice include, but are not limited to, all non-exempt, hourly servers of Defendants, competitors of Defendants in the state of California, and the general public.

139.    Plaintiff is informed and believes, and based upon that information and belief alleges, that Defendants, and each of them, performed the above-mentioned acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, other employees, other competitors, and the general public.

140.    By and through the conduct described above, Plaintiff, and all non-exempt, hourly servers, has been deprived of the right to be paid all wages earned, including meal and rest premiums and overtime compensation earned by virtue of employment with the Defendants at regular intervals, in accordance with the requirements of <u>Labor Code</u> §§ 200-203, 204, 226.7, 1197, 1198, *et seq*.

141.    By and through their unfair, unlawful and/or fraudulent business practices described herein, Defendants, has obtained valuable property, money and services from Plaintiff, and all persons similarly situated, and has deprived Plaintiff, and all non-exempt, hourly servers of valuable rights and benefits guaranteed by law, all to their detriment.

142.    Plaintiff and the Class have injury-in-fact as a result of Defendants' conduct.  Moreover, Plaintiff and the Class have lost money as a direct result of Defendants' unfair, unlawful, deceptive and fraudulent conduct.

143.    All of the acts described herein as violations of, among other things, the California <u>Labor Code</u> and Industrial Welfare Commission Wage Orders, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, fraudulent and unscrupulous, and thereby constitute unfair, unlawful and/or fraudulent business practices in violation of California <u>Business & Professions Code</u> §§ 17200, *et seq*.

144.    Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is entitled to, and does seek such relief as may be necessary to disgorge the profits which the Defendants have acquired, or of

CLASS ACTION COMPLAINT

which Plaintiff has been deprived, by means of the above-described unfair, unlawful and/or fraudulent business practices. Plaintiff, and the members of the Plaintiff Classes, is not obligated to establish individual knowledge of the unfair practices of Defendants in order to recover restitution.

145. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, is further entitled to and does seek a declaration that the above described business practices are unfair, unlawful and/or fraudulent, and injunctive relief restraining the Defendants, and each of them, from engaging in any of the above-described unfair, unlawful and/or fraudulent business practices in the future.

146. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, has no plain, speedy, and/or adequate remedy at law to redress the injuries which he has suffered as a consequence of the Defendants' unfair, unlawful and/or fraudulent business practices. As a result of the unfair, unlawful and/or fraudulent business practices described above, Plaintiff and the Plaintiff Class have suffered and will continue to suffer irreparable harm unless the Defendants' and each of them, are restrained from continuing to engage in said unfair, unlawful and/or fraudulent business practices.

147. Plaintiff also alleges that if Defendants are not enjoined from the conduct set forth herein above, they will continue to fail to pay overtime wages to non-exempt, hourly servers. In addition, Defendants, and each of them, will continue to avoid paying the appropriate taxes, insurance and unemployment holdings.

148. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, requests that the Court issue a preliminary and permanent injunction prohibiting the Defendants, and each of them, from requiring non-exempt, hourly servers from working more than eight (8) hours a work day and/or forty (40) hours a week in any work week without payment of overtime wages.

149. Plaintiff, individually, and on behalf of members of the Plaintiff Classes, also requests that the Court order Defendants to disgorge all illegally obtained monies from failing to pay taxes, state disability insurance premiums, and unemployment taxes, obtained by way of their violation of Business & Professions Code §§ 17200, *et seq*.

150. As Plaintiff seeks to enforce an important right affecting the public interest, to wit, the lawful payment of overtime wages as required by law the disgorgement of ill-gotten gains and the restitution

CLASS ACTION COMPLAINT

of unlawfully withheld wages, with interest thereon, Plaintiff requests an award of attorneys' fees, pursuant to <u>Code Civil Procedure</u> § 1021.5.

## **PRAYER**

**WHEREFORE**, the PLAINTIFF DEMANDS and JURY TRIAL and prays for judgment as follows:

**ON THE FIRST CAUSE OF ACTION**:

    (a)    For Facilitated Notice under 29 USC § 216(b);

    (b)    For compensation, pursuant to the FLSA, 29 U.S.C. §§ 201, 206, 207, *et seq*.

    (c)    Conditional and Final Certification of a Collective Action;

    (d)    For interest on any compensatory damages; and

    (e)    For attorneys' fees, interest, and costs of suit pursuant to 29 U.S.C. § 216(b).

**ON THE SECOND CAUSE OF ACTION:**

    (a)    For compensatory damages and/or statutory damages and statutory penalties resulting from improper compensation according to proof;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs as allowed by law.

**ON THE THIRD CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a lawful meal period was not provided;

    (b)    For interest on any compensatory damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify;

    (d)    For attorneys' fees and costs.

**ON THE FOURTH CAUSE OF ACTION:**

    (a)    For statutory compensation, including one hour of pay for each workday that a

CLASS ACTION COMPLAINT

Exhibit "A", Page 036

1    lawful rest period was not provided;

2         (b)     For interest on any compensatory damages;

3         (c)     For Certification of the Classes defined herein, or such other Classes and/or

4                 subclasses as the Court will certify; and

5         (d)     For attorneys' fees and costs.

6    **ON THE FIFTH CAUSE OF ACTION:**

7         (a)     For statutory penalties;

8         (b)     For compensatory damages and interest thereon for actual harm caused;

9         (c)     For Certification of the Classes defined herein, or such other Classes and/or

10                subclasses as the Court will certify; and

11        (d)     For attorneys' fees and costs as allowed by law.

12   **ON THE SIXTH CAUSE OF ACTION:**

13        (a)     For compensatory damages and/or statutory damages and statutory penalties

14                resulting from improper compensation according to proof;

15        (b)     For interest on any compensatory damages;

16        (c)     For Certification of the Classes defined herein, or such other Classes and/or

17                subclasses as the Court will certify; and

18        (d)     For attorneys' fees and costs as allowed by law.

19   **ON THE SEVENTH CAUSE OF ACTION:**

20        (a)     For statutory penalties; and

21        (b)     For attorneys' fees and costs as allowed by law.

22   **ON THE EIGHTH CAUSE OF ACTION:**

23        (a)      For actual expenses incurred as allowed by <u>Labor Code</u> § 2802

24        (b)     For special damages;

25        (c)     For certification of the Classes defined herein, or such other Classes and/or

26                subclasses as the Court will certify; and

27        (d)     For attorneys' fees and costs.

28   ///

-35-

CLASS ACTION COMPLAINT

**ON THE NINTH CAUSE OF ACTION:**

    (a)    For statutory penalties, including 30 days of pay for each employee not timely paid wages upon termination;

    (b)    For penalty enhancements for willful conduct;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For attorneys' fees and costs.

**ON THE TENTH CAUSE OF ACTION:**

    (a)    For the equitable, injunctive and declaratory relief;

    (b)    Treble damages;

    (c)    For Certification of the Classes defined herein, or such other Classes and/or subclasses as the Court will certify; and

    (d)    For disgorgement of profits.

**ON ALL CAUSES OF ACTION:**

    (a)    For reasonable attorneys' fees;

    (b)    For costs of suit; and,

    (c)    For such other and further relief as this Court may deem just and proper.

Dated: June 6, 2017             **QUINTILONE & ASSOCIATES**

By: _____
        RICHARD E. QUINTILONE II,
        ALVIN B. LINDSAY,
        GEORGE A. ALOUPAS
        Attorney for Plaintiff RYAN KIESLICH, on behalf of himself and on behalf of a Class of all other persons similarly situated

-36-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of the claims by jury to the extent authorized by law.

Dated: June 6, 2017

**QUINTILONE & ASSOCIATES**

By: _____

RICHARD E. QUINTILONE II,
ALVIN B. LINDSAY,
GEORGE A. ALOUPAS
Attorney for Plaintiff RYAN KIESLICH,
on behalf of himself and on behalf of a Class of all
other persons similarly situated

-37-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Richard E. Quintilone II (SBN 200995)<br>Quintilone & Associates<br>22974 El Toro Road, Suite 100<br>Lake Forest, CA 92630<br>TELEPHONE NO: (949) 458-9675    FAX NO: (949) 458-9679<br>ATTORNEY FOR (Name): Plaintiff, Ryan Kieslich | FOR COURT USE ONLY<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>**JUN 0 8 2017**<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: _M. Soto_, Deputy<br>Moses Soto |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: Los Angeles, CA 90012
CITY AND ZIP CODE: Stanley Mosk Courthouse
BRANCH NAME:

CASE NAME:
Kieslich v. California Cinema Investments, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER **BY FAX**<br>BC 6 6 4 4 3 9 |
|---|---|---|
| [✓] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [✓] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [✓] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [✓] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 10
5. This case [✓] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: June 7, 2017
Richard E. Quintilone II, Esq.
(TYPE OR PRINT NAME)                                                    ▶ _[signature]_
                                                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

Exhibit "A", Page 041

**BY FAX**

| SHORT TITLE:<br>Kieslich v. California Cinema Investments, LLC | CASE NUMBER<br>BC 6 6 4 4 3 9 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.

6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2.<br>2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4.<br>1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4.<br>1., 2., 4.<br>1., 2., 3.<br>1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation        Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

Exhibit "A", Page 043

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit "A", Page 044

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. ☐11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| | | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: _____                    _____
                                            (SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

Exhibit "A", Page 045

# Superior Court of California
# County of Los Angeles



# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKET

The person who files a civil lawsuit (plaintiff) must include the ADR information Packet with the complaint when serving the defendant. Cross-complainants must serve the ADR Information Packet on any new parties named to the action together with the cross-complaint.

There are a number of ways to resolve civil disputes without having to sue someone. These alternatives to a lawsuit are known as alternative dispute resolution (ADR).

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediations, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help resolve disputes without having to go to court.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

**Advantages of ADR**

- Often faster than going to trial
- Often less expensive, saving the litigants court costs, attorney's fees and expert fees.
- May permit more participation, allowing parties to have more control over the outcome.
- Allows for flexibility in choice of ADR processes and resolution of the dispute.
- Fosters cooperation by allowing parties to work together with the neutral to resolve the dispute and mutually agree to remedy.
- There are fewer, if any, court appearances. Because ADR can be faster and save money, it can reduce stress.

**Disadvantages of ADR - ADR may not be suitable for every dispute.**

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.
- ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.
- The neutral may charge a fee for his or her services.
- If the dispute is not resolved through ADR, the parties may then have to face the usual and traditional costs of trial, such as attorney's fees and expert fees.

**The Most Common Types of ADR**

- **Mediation**

  In mediation, a neutral (the mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the parties, rather than the mediator, decide how the dispute is to be resolved.

  - **Mediation is particularly effective** when the parties have a continuing relationship, like neighbors or business people. Mediation is also very effective where personal feelings are getting in the way of a resolution. This is because mediation normally gives the parties a chance to express their feelings and find out how the other sees things.

  - **Mediation may not be effective** when one party is unwilling to cooperate or compromise or when one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit "A", Page 047

■ **Arbitration**

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is typically less formal than a trial, and the rules of evidence may be relaxed. Arbitration may be either "binding" or "non-binding." Binding arbitration means the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Non-binding arbitration means that the parties are free to request a trial if they reject the arbitrator's decision.

Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

■ **Mandatory Settlement Conference (MSC)**

Settlement Conferences are appropriate in any case where settlement is an option. Mandatory Settlement Conferences are ordered by the Court and are often held near the date a case is set for trial. The parties and their attorneys meet with a judge who devotes his or her time exclusively to preside over the MSC. The judge does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.

The Los Angeles Superior Court Mandatory Settlement Conference (MSC) program is free of charge and staffed by experienced sitting civil judges who devote their time exclusively to presiding over MSCs. The judges participating in the judicial MSC program and their locations are identified in the List of Settlement Officers found on the Los Angeles Superior Court website at http://www.lacourt.org/. This program is available in general jurisdiction cases with represented parties from independent calendar (IC) and Central Civil West (CCW) courtrooms. In addition, on an ad hoc basis, personal injury cases may be referred to the program on the eve of trial by the personal injury master calendar courts in the Stanley Mosk Courthouse or the asbestos calendar court in CCW.

In order to access the Los Angeles Superior Court MSC Program the judge in the IC courtroom, the CCW Courtroom or the personal injury master calendar courtroom must refer the parties to the program. Further, all parties must complete the information requested in the Settlement Conference Intake Form and email the completed form to mscdept18@lacourt.org.

**Additional Information**

To locate a dispute resolution program or neutral in your community:

- Contact the California Department of Consumer Affairs (www.dca.ca.gov) Consumer Information Center toll free at 800-952-5210, or;
- Contact the local bar association (http://www.lacba.org/) or;
- Look in a telephone directory or search online for "mediators; or "arbitrators."

There may be a charge for services provided by private arbitrators and mediators.

A list of approved State Bar Approved Mandatory Fee Arbitration programs is available at
http://calbar.ca.gov/Attorneys/MemberServices/FeeArbitration/ApprovedPrograms.aspx#19

To request information about, or assistance with, dispute resolution, call the number listed below. Or you may call a Contract Provider agency directly. A list of current Contract Provider agencies in Los Angeles County is available at the link below.

http://css.lacounty.gov/programs/dispute-resolution-program-drp/

County of Los Angeles Dispute Resolution Program
3175 West 6th Street, Room 406
Los Angeles, CA 90020-1798
TEL: (213) 738-2621
FAX: (213) 386-3995

LAADR 005 (Rev. 03/17)
LASC Adopted 10-03
Cal. Rules of Court, rule 3.221

Exhibit "A", Page 049

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**

Case Number _____    BC 6 6 4 4 3 9

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3 (c)).

| ASSIGNED JUDGE | DEPT. | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge William F. Highberger | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Ann Jones | 308 | 1415 |
| Judge Maren E. Nelson | 307 | 1402 |
| Judge Carolyn B. Kuhl | 309 | 1409 |

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

#### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

#### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross Complainant/Attorney of Record on _____    SHERRI R. CARTER, Executive Officer/Clerk

BY_____, Deputy Clerk

LACIV CCW 190 (Rev. 04/16)
LASC Approved 05-06

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

LACIV 230 (NEW)
LASC Approved 4-11
For Optional Use

Exhibit "A", Page 051

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Exhibit "A", Page 052

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                    (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  _____
(TYPE OR PRINT NAME)                         (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Date: _____

_____          ➤  (ATTORNEY FOR _____ )
(TYPE OR PRINT NAME)

Exhibit "A", Page 053

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.  Be filed within two (2) court days of receipt of the Request; and

    iv.  Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|

## The following parties stipulate:

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Date:

_____    ➤ _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR _____ )

Exhibit "A", Page 056

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, **briefly** describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, **briefly** describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

## INFORMAL DISCOVERY CONFERENCE
(pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit "A", Page 057

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER -- MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

Date:

_____

(TYPE OR PRINT NAME)

➤ _____

(ATTORNEY FOR PLAINTIFF)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR DEFENDANT)

➤ _____

(ATTORNEY FOR _____)

➤ _____

(ATTORNEY FOR _____)

➤ _____

(ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date:     _____

_____

JUDICIAL OFFICER

Exhibit "A", Page 059